raised for the first time on appeal, "[a]ppellate review of such an unpreserved error is available, however, only when the error is established on the face of the record" (*People v McLean*, 15 NY3d 117, 119 [2010]; *see also People v Kinchen*, 60 NY2d 772, 773-774 [1983]). The hearing record is insufficient to support defendant's claim; to the extent it permits review, it supports an inference that the police questioning was permissible under the circumstances (*see People v Lopez*, 16 NY3d 375, 385-386 [2011]).

Defendant's challenges to the prosecutor's summation and the court's charge are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Concur—Saxe, J.P., Sweeny, Richter, Abdus-Salaam and Román, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS M. SERRANO, Appellant. [951 NYS2d 672]—

Concur—Saxe, J.P., Sweeny, Richter, Abdus-Salaam and Román, JJ.

■ LORNA PANNELL-THOMAS, Respondent-Appellant, v GURPRIT S. BATH, Appellant-Respondent. [952 NYS2d 499]—

Defendant established prima facie that plaintiff did not sustain a "permanent consequential" or "significant" limitation of use of the spine by submitting the affirmed report of a neurologist noting the absence of permanent neurological disabilities, full ranges of motion, and negative objective tests (*see Barry v Arias*, 94 AD3d 499, 499 [1st Dept 2012]). Defendant also made a prima facie showing that plaintiff's injuries were not causally related to the accident by submitting the affirmed